UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FERNANDO SANTANA BRUM,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>JOSEPH D. MCDONALD, JR.,<br>Sheriff, Plymouth Sheriff's Office,<br><br>　　　　　　Respondent. | Civil Action No. 1:25-cv-11624-WGY |

## RESPONDENT'S RESPONSE TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM OR AD TESTIFICANDUM

Respondent Joseph D. McDonald, Jr., by and through his attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submits this Response to Petitioner Fernando Santana Brum's ("Petitioner") Petition for Writ of Habeas Corpus ad Prosequendum or ad Testificandum (the "Petition"). Doc. 1.

Petitioner is subject to statutorily authorized detention by Immigration and Customs Enforcement ("ICE") pursuant to 8 U.S.C. § 1225(b). Petitioner does not appear to challenge that his detainment by ICE is lawful under this statute. Instead, Petitioner asks this Court to issue a writ of habeas corpus ad prosequendum or ad testificandum mandating that Respondent transport the Petitioner to all state court hearings in connection with criminal charges that are currently pending against him. Petitioner asserts in his Petition and accompanying affidavit of counsel that federal authorities "failed to present" him for a hearing on March 10, 2025, which resulted in the issuance of a default warrant for his arrest. *See* Doc. 1-1, ¶ 3. But ICE has no record of receiving a writ of habeas corpus to produce Petitioner at any hearing. As explained below, the onus is on Petitioner to secure such a writ in advance of any hearing. To the extent Petitioner asserts that he

has been unable to secure a writ in state court and therefore asks *this* Court to issue a writ, any such relief is not available to him. Rather, such relief must be secured by state prosecutorial authorities. For this reason, the Petition should be dismissed.

## BACKGROUND

A. **Petitioner's Immigration Status**

Petitioner is a native and citizen of Brazil. *See* Declaration of Keith M. Chan, Assistant Field Office Director, U.S. Department of Homeland Security ("Chan Decl."), filed herewith, at ¶ 7. On an unknown date at an unknown location, Petitioner entered the United States without inspection or admission by an immigration official at a designated port of entry. Chan Decl. ¶ 8. On February 25, 2009, ICE encountered and interviewed Petitioner while he was incarcerated at Barnstable County Sheriff's Office in Buzzards Bay, Massachusetts. Chan Decl. ¶ 9. ICE detained Petitioner at that time and served him with a Notice to Appear pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) as well as a Form I-200, Warrant of Arrest. Chan Decl. ¶ 9. On March 5, 2009, Petitioner paid an immigration bond and ICE released him from custody. Chan Decl. ¶ 10. On December 15, 2009, an immigration judge granted Voluntary Departure with an expiration date of April 14, 2010. Chan Decl. ¶ 11. On April 13, 2010, ICE verified Petitioner's departure from the United States to Brazil. Chan Decl. ¶ 12.

On August 1, 2023, U.S. Customs and Border Patrol ("CBP") encountered Petitioner at the southern border of the United States in the area of Lukeville, Arizona. Chan Decl. ¶ 13. At that time Petitioner was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality. Chan Decl. ¶ 13. CBP detained Petitioner without a warrant and issued a Notice to Appear, alleging Petitioner was inadmissible

pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Chan Decl. ¶ 14. Petitioner was not admitted or paroled after inspection by an immigration officer. Chan Decl. ¶ 14. Petitioner was released on an Order of Recognizance ("OREC"). Chan Decl. ¶ 14. On August 5, 2023, the Notice to Appear was filed with the immigration court. Chan Decl. ¶ 15.

On November 12, 2024, the Barnstable District Court arraigned Petitioner for the offense of operating a motor vehicle negligently. Chan Decl. ¶ 16. On January 31, 2025, the Barnstable District Court arraigned Petitioner for the offense of Indecent Assault and Battery on a Person Over the Age of Fourteen. Chan Decl. ¶ 17. These charges constituted a violation of Petitioner's OREC. Chan Decl. ¶ 18. On February 3, 2025, ICE detained Petitioner pursuant to its authority under 8 U.S.C. §1225(b). Chan Decl. ¶ 19. Petitioner claimed a fear of returning to Brazil. Chan Decl. ¶ 19.

Petitioner is currently detained at the Plymouth County Detention Facility in Plymouth, Massachusetts. Chan Decl. ¶ 20. Petitioner has been in removal proceedings since his detention, which remain pending before the immigration court. Chan Decl. ¶ 21. Petitioner has a custody redetermination hearing scheduled before an immigration judgment on June 23, 2025. Chan Decl. ¶ 21. Petitioner has a final merits hearing scheduled for June 24, 2025. Chan Decl. ¶ 21.

B.    **The State Court Habe Process for ICE Detainees like Petitioner**

ICE routinely facilities the appearance of detainees in its custody before various Massachusetts district courts and a procedure has been developed between the Massachusetts Trial Court, the Sheriffs' Departments, and ICE for such process. *See Habeing Defendants from Immigration Custody to Massachusetts Criminal Courts* dated January 2019, attached hereto as Exhibit A.[1] Under this procedure, the clerk for the state district court must issue a state writ of

---

[1] *See also* https://www.publiccounsel.net/wp-content/uploads/2019/01/Habeing-

3

habeas corpus ("state habe") to the Sheriff[2] with physical custody of the defendant/ICE detainee if presence in state court is requested.[3] *Id.* The Sheriff with physical custody of the defendant/ICE detainee is responsible for transporting that person to and from state court. *Id.* Before transport can occur, "ICE must give the Sheriff permission to release the person for transport." *Id.* In arriving at this procedure, ICE requested, and the Trial Court agreed, that the state writs "include language guaranteeing that, upon the conclusion of the state proceeding, the state will return the person to ICE's custody." *Id.* at 2.

ICE does not have a record of receiving a writ of habeas corpus to produce Petitioner at any proceeding in connection with his criminal charges in state court. Chan Decl. ¶ 22.

## ARGUMENT

**A.   ICE Has No Record Of Receiving A State Writ of Habeas Corpus For Petitioner And, Therefore, Cannot Have Violated His Rights.**

Petitioner asserts in conclusory fashion that ICE "failed to produce" him for a pretrial hearing on March 10, 2025, *see* Doc. 1-1 ¶¶ 3-4, but ICE has no record of receiving a state habe for Petitioner. Chan Decl. ¶ 22. Petitioner has not produced any documentation suggesting that he requested a writ from the state court or that ICE ever received such a writ. Accordingly, ICE has not "refused" to produce Petitioner for any state court hearing; rather, it was not even aware of the hearing. For this reason, and because Petitioner has not sufficiently demonstrated that ICE

---

defendants-from-ICE-January-2019-FINAL-with-attachments.pdf (last accessed June 12, 2025).

[2] ICE detainees were previously held at Suffolk County House of Corrections, Plymouth County Correctional Facility, Bristol County House of Corrections and Franklin County House of Corrections. Currently, however, ICE detainees are only held at the Plymouth County Correctional Facility.

[3] According to these procedures, it is the defense attorney's responsibility to request the writ and inform the court where the defendant/ICE detainee is being held.

refused to produce him for a hearing, ICE has not violated Petitioner's right to Due Process.

**B.     If Petitioner Is Unable To Secure A State Habe, Any Relief Must Be Sought By State Prosecutorial Authorities—Not Petitioner Via A § 2241 Habeas Petition.**

As stated above, ICE maintains that it has not "refused" to produce Petitioner for any state court proceeding.[4] However, if Petitioner maintains that he has been unable to secure a state habe for whatever reason, at least one session of this Court has found that any relief in this circumstance must be secured by state prosecutorial authorities—not Petitioner via a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. In *Malool v. Castro*, the Court found that a federal district court may issue a writ of habeas corpus to produce an ICE detainee for a state court proceeding. 2025 WL 1424434, at *2 (D. Mass. May 16, 2025) (citing authority under 28 U.S.C. § 2241(c)(5)). However, the Court underscored that the request for the writ from the federal district court must come from state prosecutorial authorities—not the defendant or ICE detainee. 2025 WL 1424434, at *3 (citing *Barber v. Page*, 390 U.S. 719 (1968) ("in the case of a prospective witness currently in federal custody, 28 U.S.C. § 2241(c)(5) gives federal courts the power to issue writs of habeas corpus ad testificandum at the request of state prosecutorial authorities"). For this reason, the Court denied the petitioner's emergency petition for a writ of habeas corpus. Such should be the case here. To the extent Petitioner asks this Court to issue a writ of habeas corpus to order federal authorities to produce him at his state court proceedings—such relief is not available to him. Rather, any such request must come from state prosecutors upon an adequate showing that the writ "is necessary to bring [Petitioner] into court[.]" *Malool*, 2025 WL 1424434 at *2 (citing 28 U.S.C. § 2241(c)(5)).

---

[4] In the event Petitioner secures a state habe, ICE anticipates that it would follow the procedures outlined in Exhibit B in the absence of any intervening reasons that would prevent it from doing so.

## CONCLUSION

For the foregoing reasons, the Petition should be denied.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: June 12, 2025          By:    */s/ Nicole M. O'Connor*
Nicole M. O'Connor
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3112
Email: nicole.o'connor@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: June 12, 2025          By:    */s/ Nicole M. O'Connor*
Nicole M. O'Connor
Assistant U.S. Attorney